## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

RICKY RICARDO VANN,

      Petitioner,

                                Case No. 8:13-CV-736-T-30TBM

SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____/

### ORDER

      This matter is before the Court on Petitioner's "Motion for New Trial or in Alternative Motion to Alter or Amend Judgment" (Dkt. 12) filed under Rule 59(a), (e), Fed. R. Civ. P. Petitioner previously filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1).  The Court entered an order on March 25, 2013, dismissing the petition as a second or successive petition under 28 U.S.C. § 2244(b) (Dkt. 4).  The dismissal was without prejudice to Petitioner seeking authorization from the Eleventh Circuit Court of Appeals for the District Court to consider his petition.  (Id.)  Petitioner filed a Motion for Relief from Judgment pursuant to Rule 60(b), Fed. R. Civ. P. (Dkt. 10), in which he stated that the Eleventh Circuit Court of Appeals denied his application for consideration of a successive habeas petition.  He therefore requested that this Court reconsider its March 25, 2013 order

of dismissal.  The Court denied the Rule 60(b) motion in an order entered October 23, 2013 (Dkt. 11).

Petitioner now asks the court to reconsider both the March 25, 2013 order dismissing his habeas petition as successive and the October 23, 2013 order denying his Rule 60(b) motion.  He states that his habeas petition and his Rule 60(b) motion presented claims whose merits have never been addressed.  Petitioner submits that the Court erred by failing to reach the merits of his claims and by denying him a certificate of appealability in the order denying his Rule 60(b) motion.  He specifically requests that the Court "[v]acate the order dismissing without prejudice Mr. Vann's Habeas Corpus and answer the merits of his claims and the order denying his rule 60 motion" or, alternatively, "amend the order denying the rule 60 motion by granting the Petitioner the right to appeal"  (see Dkt. 12, pp. 8-9).

This motion must be denied.  Petitioner has presented this motion under Rule 59(a), (e), Fed. R. Civ. P.  As it appears that Rule 59(a), concerning new trials, is inapplicable, this motion will be considered under Rule 59(e).  Rule 59(e) authorizes a motion to alter or amend a judgment; a motion under this subsection must be filed no later than twenty-eight days after entry of the judgment.  This motion, which Petitioner constructively filed when he gave it prison officials for mailing on November 18, 2013, is untimely under Rule 59(e) as to the Court's March 23, 2013 order dismissing his habeas corpus petition without prejudice.  This motion is timely under Rule 59(e) as to the Court's October 23, 2013 order denying Petitioner's Rule 60(b) motion.  Assuming that Rule 59(e) is a proper means to challenge that order, Petitioner is not entitled to relief.

"The only grounds for granting [a Rule 59(e)] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F. 3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F. 3d 1116, 1119 (11th Cir. 1999)).   The decision to alter or amend a judgment is an "extraordinary remedy," *Sussman v. Salem, Saxon &Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) that is "committed to the sound discretion of the district judge." *American Home Assur. Co. v. Glenn Estess & Assoc., Inc.*, 763 F. 2d 1237, 1238-39 (11th Cir. 1985).   A party seeking reconsideration must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."   *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 294 (M.D. Fla. 1993).   Further, a "Rule 59(e) motion [cannot be used] to re-litigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."   *Arthur*, 500 F. 3d at 1343 (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F. 3d 757, 763 (11th Cir. 2005)).

In this motion, Petitioner reasserts arguments raised in his Rule 60(b) motion, which was considered and denied.   Specifically, in his Rule 60(b) motion, Petitioner argued that his habeas petition was not successive because it was brought pursuant to a new decision of the United States Supreme Court, *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).   He asserted that the Court should have ruled on the merits of his habeas petition, which would have established his actual innocence.   Here, in his Rule 59(e) motion, Petitioner argues that, under *Martinez*, the Court was required to decide the merits of his habeas claims.   This is an attempt to re-litigate arguments presented in his Rule 60(b) motion seeking a resolution of his habeas claims on the merits.   Relief is inappropriate because Rule 59(e) cannot be used to reassert

this argument.  *See Arthur*, 500 F. 3d at 1343.  Further, Petitioner does not present newly-discovered evidence or a manifest error of law or fact that would warrant relief.  *Id*.

Petitioner also argues that the Court erred in denying him a certificate of appealability upon denial of his Rule 60(b) motion.  Again, he argues that the Court improperly refused to grant his Rule 60(b) motion and consider the merits of his habeas petition.  Petitioner has not shown that such reconsideration would be necessary to correct a manifest error or law or fact. *Id*.  Nor has he presented any facts or law of a strongly convincing nature that would warrant relief.  *See Cover*, 148 F.R.D. 294.

Accordingly, the Court **ORDERS** that Petitioner's "Motion for New Trial or in Alternative Motion to Alter or Amend Judgment" (Dkt. 12) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on March 24, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

ML:sa